IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



JOSE L. PEREZ JR., §
 §
      Petitioner, §
 §
v. § No. 4:16-CV-808-A
 §
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
      Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jose L. Perez Jr., a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On March 9, 2011, petitioner was convicted by a jury in the 297th District Court of Tarrant County, Texas, Case No. 1178159R, on one count of aggravated sexual assault of a child and one

count of indecency with a child. The next day, the jury assessed petitioner's punishment at 38 years' and 12 year's confinement, respectively. (Clerk's R. at 210 & 213.) The trial court ordered that his sentences be served consecutively. On appeal, Petitioner challenged the trial court's cumulation order in two issues, but the Second District Court of Appeals of Texas overruled the issues and affirmed the trial court's judgment based on petitioner's failure to preserve them for appellate review in the trial court. (Mem. Op. at 4-5.) The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on March 7, 2012. (Docket Sheet at 1.) Petitioner did not seek a writ of certiorari. (Pet. at 3.) Petitioner also filed two postconviction state habeas applications. The first, filed on April 28, 2012, did not attack his convictions or sentences and is irrelevant to this discussion.[1] (01State Habeas R. at cover & 12.[2]) The second, filed on December 15, 2015, attacking his

---

[1] Petitioner's state habeas applications are deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The applications do not provide the date petitioner placed the documents in the prison mailing system, however the "Inmate's Declaration" was signed by petitioner in the first application on April 28, 2012, and in the second application on October 23, 2015. (State Habeas R. at 18.) For purposes of this opinion, petitioner's state habeas applications are deemed filed on those dates.

[2] "01State Habeas R." refers to the state court records pertaining to petitioner's state habeas application in WR-77,808-01; "02State Habeas R." refers to the state court records pertaining to his state habeas application

2

convictions and sentences on one or more of the claims raised in this federal petition, was denied by the Texas Court of Criminal Appeals on December 23, 2015, without written order on the findings of the trial court. (02State Habeas R. cover & 18.) This federal petition was filed on July 28, 2016.[3]

## II. Issues

In four grounds, petitioner claims trial court error; prosecutorial misconduct; due process and equal protection violations; and ineffective assistance of trial counsel. (Pet. at 7.)

## III. Statute of Limitations

Respondent contends the petition is time-barred. (Resp't's Answer at 6-13.) The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

---

in WR-77,808-02.

[3]Similarly, an inmate's federal habeas petition mailed via the prison mailing system is deemed filed when the document is placed in the prison mail system for mailing. (Pet. at 10.) *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

3

>    (A) the date on which the judgment became
> final by the conclusion of direct review or the
> expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to
> filing an application created by State action in
> violation of the Constitution or laws of the
> United States is removed, if the applicant was
> prevented from filing by such State action;
>
>    (C) the date on which the constitutional
> right asserted was initially recognized by the
> Supreme Court, if that right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
>    (D) the date on which the factual predicate
> of the claim or claims presented could have been
> discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's claims involve matters related to the state trial proceedings, therefore subsection (A) is applicable.[4] Under that provision, the limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

---

[4] No grounds for application of 28 U.S.C. § 2244(d)(1)(B), (C), or (D) are asserted.

review." Therefore, petitioner's judgments of conviction became final by the expiration of the time he had for filing a timely petition(s) for writ of certiorari in the United States Supreme Court on June 5, 2012, triggering the limitations period, which expired one year later on June 5, 2013, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application filed on October 23, 2015, more than two years after limitations had expired, does not operate to toll the limitations period. *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, petitioner's federal petition filed on July 28, 2016, is untimely, unless equitable tolling is justified.

For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition or he can make a convincing showing that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting

5

*Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Petitioner provides no explanation for his delay or argument for equitable tolling. (Pet. at 9.) Therefore, he is not entitled to tolling as a matter of equity.

Petitioner's federal petition was due on or before June 5, 2013; thus, his petition filed on July 28, 2016, is untimely.

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. It is further ORDERED that a certificate of appealability be, and is hereby, denied as petitioner has not made a showing that reasonable jurists would question this court's procedural ruling.

SIGNED August 18, 2017.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE